SEMNAR & HARTMAN, LLP
Babak Semnar, Esq. (SBN 224890)
Jared M. Hartman, Esq. (SBN 254860)
Laurel N. Holmes, Esq. (SBN 308515)
41707 Winchester Road, Suite 201
Temecula, CA 92590
(951) 293-4187 Telephone
(888) 819-8230 Facsimile

Attorneys for Plaintiffs, FERNANDO & BRYNNE MEZA

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

FERNANDO MEZA, an individual,
BRYNNE MEZ, an individual,

            Plaintiffs,

    vs.

GENERAL MOTORS FINANCIAL
COMPANY, INC., et al.,

          Defendants.

Case No. 5:19-cv-00449-JGB-KK

**PLAINTIFFS' JOINT OPPOSITION TO DEFENDANT GENERAL MOTOR FINANCIAL COMPANY, INC.'S MOTION TO COMPEL ARBITRATION**

[*filed concurrently with Declarations of Plaintiffs and Objections to Evidence*]

Date: July 8, 2019
Time: 9:00 a.m.
Dept: 1
JUDGE: Hon. Jesus G. Bernal

**TO THE CLERK OF COURT, THE HONORABLE DISTRICT COURT JUDGE, AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

1    PLEASE TAKE NOTICE, Plaintiffs FERNANDO MEZA and BRYNNE

2    MEZA ("Plaintiffs") herein file their Response in Opposition to Defendant

3    GENERAL MOTORS FINANCIAL COMPANY, INC.'S ("Defendant" or "GM

4    FINANCIAL") Motion to Compel Arbitration.

5    The grounds upon which Plaintiffs Opposition is based are as follows:

6    1) Defendant GM FINANCIAL claims it is an assignee of the contract

7    purportedly giving a right to enforce arbitration, yet has failed to submit any

8    evidence at all proving such a claim, and has therefore failed to submit any

9    evidence at all that it has standing to enforce the arbitration agreement, and

10   2) the arbitration agreement is both procedurally and substantively

11   unconscionable.

12   Plaintiffs' Opposition will be based upon this Notice, the Memorandum of

13   Points and Authorities enclosed, the Declarations filed concurrently in support, and

14   Plaintiffs' Objections to evidence filed concurrently.

15

16   DATED: 6-17-19                    **SEMNAR & HARTMAN, LLP**

17                                     By: _Jared M. Hartman_ ,

18                                     Jared M. Hartman, Esq.
                                       Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

<u>**MEMO OF POINTS & AUTHORITIES**</u>………………………...………..……..1

I.   **THERE IS NO AGREEMENT TO ARBITRATE ANY DISPUTES BETWEEN PLAINTIFFS AND DEFENDANT GM FINANCIAL, AND GM FINANCIAL HAS FAILED TO SUBMIT PROOF IT HAS STANDING TO ENFORCE**……..………………………….…….…..1

    a.  *Arbitration is a matter of contract and can only be enforced based upon principles of contract, and the moving party must submit evidence proving it has standing to enforce even if by assignment of rights*…...…1

    b.  *There is no agreement between Plaintiffs and Defendant in the instant matter for any dispute to be subject to arbitration and Defendant has failed to submit any evidence proving it has standing to enforce any purported assignment of rights*………………………………………..3

    c.  *Defendant cannot submit new evidence on Reply that was not submitted in its initial moving papers*……………………………..………………..6

II.  **THE ARBITRATION AGREEMENT IS BOTH PROCEDURALLY AND SUBSTANTIVELY UNCONSCIONABLE**……………..…………...…6

    a.  *The policy is procedurally unconscionable as a matter of law, as it is a contract of adhesion*……………………………..………..……..7

    b.  *The policy is substantively unconscionable*………………..…….....9

        1.  <u>The arbitration agreement is unilateral in its application by GM FINANCIAL</u>……………………………………….………10

        2.  <u>The terms are so one-sided that the entire agreement is illusory</u>……………………………………………………..11

        3.  <u>Defendant's refusal to stipulate on Plaintiffs' terms confirms Defendant's goal is to deprive Plaintiffs of basic discovery</u>…....12

        4.  <u>The unconscionable terms cannot be stricken individually, and the entire agreement must not be enforced</u>…………………..……13

c. *Defendant cannot raise arguments in its Reply that the clause is not unconscionable*………………………………...……………...……..13

IV.     CONCLUSION…………………………………………………………...…14

# TABLE OF AUTHORITIES

**U.S. Supreme Court Cases**

*AT & T Techs., Inc. v Comm. Workers of Am.* 475 U.S. 643, 106 S.Ct. 1415……………………………………………………………...……10

*Epic Systems Corp. v. Lewis* 138 S. Ct. 1612, 1622 (2018)……..……………………6

*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995)………………………3

*United Steelworkers of Am. v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)………………………………………………………..…3

**U.S. Court of Appeals Cases**

*Britton v. Co-op Banking Group*, 4 F.3d 742 (9th Cir. 1993)………………...2, 3, 4, 5

*Circuit City Stores, Inc. v. Adams* 279 F.3d 889 (9th Cir.2002)……………………..…7

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126 (9th Cir. 2000)………....2

*Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir. 2000)……………………..6, 13

*Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114 (9th Cir. 2008)……………………...2

*Datatreasury Corp. v. Wells Fargo & Co.* (Fed. Cir. 2008) 522 F.3d 1368…………..2

*Davis v. O'Melveny & Myers*, 485 F.3d 1066 (9th Cir. 2007)……………………10, 13

*Davis v. Nordstrom, Inc.*, 755 F.3d 1089 (9th Cir. 2014)……………………………1

*Ferguson v. Countrywide Credit Indus.* (9th Cir. 2002) 298 F.3d 778……………..7, 8

*Knutson v. Sirius XM Radio, Inc.* 771 F.3d 559 (9th Cir. 2014)………………………3

*Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.* (9th Cir. 1991) 925 F.2d 1136…………………………………………………………………………2

**U.S. District Court Cases**

*Acasio v. Lucy* (N.D. Cal. April 10, 2017) 2017 WL 1316537…………………...6, 13

*Buford v. Palisades Collection L.L.C.* (N.D. Ill. 2008) 552 F. Supp. 2d 800………1, 2

*Federal Deposit Ins. Corp. v. WH Venture,* 607 F.Supp. 473 (E.D.Pa.1985)………...2

*Garcia v. Global Dev. Strategies, Inc.* (W.D. Tex. May 17, 2014) 2014 WL 1805374…………………………………………………………………………..2

*Matute v. Main St. Acquisition Corp.* (S.D. Fla. Oct. 2, 2012)

2012 WL 4513420………………………………………………………………………………1, 5

*Reyes v. United Healthcare Services, Inc.*, 2014 WL 3926813………………..….8, 11

*Starr v. Hameroff Law Firm* (D. Az. Oc. 31, 2007) 2007 WL 3231988…………….....1

*Trompeter v. Ally Financial, Inc.* (No. Dist. Calif. 2012) 914 F. Supp. 2d 1067……11

*Webb v. Midland Credit Mgmt., Inc.* (N.D. Ill. May 31, 2012) 2012 WL 2022103…..1

*World Lebanese Cultural Union, Inc. v. World Lebanese Cultural Union of New York, Inc.*, 2011 WL 5118525…………………………………………………....………6, 13

**State Supreme Court Cases**

*Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000)…7, 10, 11

*Baltazar v. Forever 21, Inc.* 62 Cal. 4th 1237 (2016)…………………………………6

*Engella v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951…………………1

*Gentry v. Superior Court* 42 Cal. 4th 443 (2007)……………………………..…..…8

*Graham v. Scissor–Tail,* 28 Cal.3d 807, 171 Cal.Rptr. 604, 623 P.2d 165 (1981)…....8

*Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (U.S.), LLC*, 55 Cal. 4th 223 (2012)…………………………………………………………………………………1, 9

*Rosenthal v. Great W. Fin. Sec. Corp* 14 Cal.4th 394, 413, 58 Cal.Rptr.2d 875, 926 P.2d 1061 (1996)…………………………………………………………………....……1

*Victoria v. Superior Court* (1985) 40 Cal. 3d 734………………………………….3

**State Court of Appeal Cases**

*A & M Produce Co. v. FMC Corp.*, 135 Cal.App.3d 473……………………………..7

*Adajar v. RWR Homes, Inc.* (2008) 160 Cal. App. 4th 563…………………………..3

*Ajamian v. CantorCO2e, L.P.,* 203 Cal.App.4th 771 (2012)…………………………9

*Esparza v. Sand & Sea, Inc.* (2016) 2 Cal. App. 5th 781……………………….…...1

*Farrar v. Direct Commerce, Inc.* 9 Cal. App. 5th 1257 (2017)……………....……8

1

2

*Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846 (Ct. App. 2001)……..7

3

*Neal v. State Farm Ins. Co.*, 188 Cal. App. 2d 690 (Ct. App. 1961)………………….7

4

5

*Nyulassy v. Lockheed Martin Corp.*, 120 Cal.App.4th 1267 (2004)…………………..9

6

*Ramos v. Superior Court* 28 Cal. App. 5th 1042 (2018)……………………….…...8

7

8

*Serpa v. California Surety Investigations, Inc.* 215 Cal. App. 4th 695 (2013)…………………………………………………………………………....11

9

*Stirlen v. Supercuts, Inc.,* 51 Cal. App. 4th 1519 (1997)………………………8, 10, 12

10

11

*Szetela v. Discover Bank* (2002) 97 Cal. App. 4th 1094……………………...…7

12

*Villacreses v. Molinari* (2005) 132 Cal. App. 4th 1223……………………...…..5

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **MEMORANDUM OF POINTS & AUTHORITIES**

## **I.      THERE IS NO AGREEMENT TO ARBITRATE ANY DISPUTES BETWEEN PLAINTIFFS AND DEFENDANT GM FINANCIAL, AND GM FINANCIAL HAS FAILED TO SUBMIT PROOF IT HAS STANDING TO ENFORCE.**

a. *Arbitration is a matter of contract and can only be enforced based upon principles of contract, and the moving party must submit evidence proving it has standing to enforce even if by assignment of rights.*

"Arbitration is a product of contract. Parties are not required to arbitrate their disagreements unless they have agreed to do so."[1] It is a basic principle that mutual assent is a required element and that one is only bound by terms and agreements to which she actually does assent.[2]  The moving party bears the burden to prove, by a preponderance of the evidence, the existence of a valid agreement to arbitrate between the precise dispute as between the parties.[3]

It is well-settled that if the moving party is a purported assignee, then the moving party must provide sufficient proof that it is in, fact, the assignee of the contract and is legally empowered to enforce the arbitration terms at issue.[4]

As with any contract issue, an assignee must prove the validity of his ownership claims.[5] Additionally, general contract principles dictate that to prove an

---

[1] *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1092 (9th Cir. 2014) (citing *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (U.S.), LLC*, 55 Cal. 4th 223, 226 (2012)).

[2] *Esparza v. Sand & Sea, Inc.* (2016) 2 Cal. App. 5th 781, 787 (citing *Museum Tower Assn.*, 55 Cal. 4th at 236.

[3] *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal.4th 394, 413, 58 Cal.Rptr.2d 875, 926 P.2d 1061 (1996).  *See also Engella v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972 [party seeking to enforce arbitration agreement bears the burden of proving an agreement exists].

[4] *Starr v. Hameroff Law Firm* (D. Az. Oc. 31, 2007) 2007 WL 3231988 ("defendants have provided no evidence in support of their assertion that they are [assignees]"), adopted by 2008 WL 906882 (D. Az. Mar. 31, 2008); *Matute v. Main St. Acquisition Corp.* (S.D. Fla. Oct. 2, 2012) 2012 WL 4513420; *Webb v. Midland Credit Mgmt., Inc.* (N.D. Ill. May 31, 2012) 2012 WL 2022103; *Buford v. Palisades Collection L.L.C.* (N.D. Ill. 2008) 552 F. Supp. 2d 800, 809.

1   effective assignment, the assignee must come forth with evidence that the assignor

2   meant to assign rights and obligations under the contract at issue.[6]

3       The necessity for the moving party to prove its assignment of rights is based on

4   many reasons.  For one thing, if the assignment predates the date of execution of the

5   purported arbitration agreement, then the arbitration agreement at issue is not

6   enforceable under the predated assignment of rights.[7]  Also, not all generic

7   assignment of rights will be deemed to include an assignment of a right to arbitrate,

8   which means the exact wording of the assignment must be scrutinized to ensure that

9   the purported right to compel arbitration was, in fact, assigned.[8]

10      Moreover, to determine whether to compel arbitration, a district court must

11  determine the following: "(1) whether a valid agreement to arbitrate exists and, if it

12  does, (2) whether the agreement encompasses the dispute at issue."[9] A party seeking

13  to compel arbitration under the FAA bears the burden of making this showing. *Id.*

14      A court can only compel arbitration "when there is no genuine issue of fact

15  concerning the formation of the agreement."[10]

16      "[A]bsent a clear agreement to submit disputes to arbitration, courts will not

17  infer that the right to a jury trial has been waived."[11]

18
19  [5] *Britton v. Co-op Banking Group*, 4 F.3d 742, 746 (9th Cir. 1993), citing *Federal Deposit Ins. Corp. v. WH Venture,* 607 F.Supp. 473, 476 (E.D.Pa.1985).

20
21  [6]*Britton*, 4 F. 3d at 746, citing *Restatement (Second) of Contracts,* § 317(1) (1981) ("[a]n assignment of a right is a manifestation of the assignor's intention to transfer it"); *id.* at § 324 ("[i]t

22  is essential to an assignment of a right that the [assignor] manifest an intention to transfer the right to another person").

23  [7] *Garcia v. Global Dev. Strategies, Inc.* (W.D. Tex. May 17, 2014) 2014 WL 1805374.

24  [8] *Buford*, *supra*, 552 F. Sup. 2d at 810; *Datatreasury Corp. v. Wells Fargo & Co.* (Fed. Cir. 2008) 522 F.3d 1368, 1372-1373.

25  [9] *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (quoting *Chiron Corp. v.*

26  *Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

27  [10] *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.* (9th Cir. 1991) 925 F.2d 1136, 1141.

28  [11] *Adajar v. RWR Homes, Inc.* (2008) 160 Cal. App. 4th 563, 569.

"[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."[12]  Said another way, "arbitration is simply a matter of contract between *the parties*; it is a way to resolve those disputes—but only those disputes—that *the parties* have agreed to submit to arbitration".[13]  Since the right to compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1-18 ("FAA"), exists exclusively by virtue of a consensual agreement in a private contract, "[t]hat contractual right may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration."[14]

In determining the scope of an arbitration clause, "[t]he court should attempt to give effect to the parties' intentions, in light of the usual and ordinary meaning of the contractual language and the circumstances under which the agreement was made."[15]

b. *There is no agreement between Plaintiffs and Defendant in the instant matter for any dispute to be subject to arbitration and Defendant has failed to submit any evidence proving it has standing to enforce any purported assignment of rights*.

In this matter, the lease agreement that Defendant GM FINANCIAL seeks to enforce shows that it is a contract entered into only between Plaintiffs and "PARADISE BUICK GM", which is the company who actually sold the vehicle. *See*, Exh. A to Decl. of Henry Austin, Dckt. ## 26, 26-1.  The lease agreement attached as Exhibit A does not indicate anywhere that Plaintiffs entered into any agreement to arbitrate any disputes with Defendant GM FINANCIAL in particular.  While the arbitration clause purports to indicate that any disputes between Plaintiffs and

---

[12] *Knutson*, 771 F.3d 559, 565 (9th Cir. 2014), quoting, *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

[13] *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) (emphasis added).

[14] *Britton*, *supra*, 4 F.3d at 744.

[15] *Victoria v. Superior Court* (1985) 40 Cal. 3d 734, 744.

1    "agents, successors, and assigns" of PARADISE BUICK GM are subject to
2    arbitration, there is nowhere that shows Plaintiffs assented to Defendant GM
3    FINANCIAL being one of those "agents, successors, and assigns".

4         Further, as Defendant is relying exclusively upon asserting itself as an assignee,
5    Defendant must submit evidence proving it is such an assignee.  It has not done so.

6         While Plaintiffs acknowledge in their First Amended Complaint that Defendant
7    GM FINANCIAL provided the financing for this lease and has been servicing such
8    financing (which ultimately resulted in Defendant misrepresenting the amount owed
9    on a monthly basis and then proceeding to trash Plaintiffs' credit reports when
10   Plaintiffs set up auto-pay for the amount that Defendant itself represented was the
11   "minimum amount due"), the Ninth Circuit has held that even allegations of fact
12   within a complaint cannot estop a plaintiff from arguing contrary facts in opposition
13   to motion to compel arbitration that the moving party is not a successor or assign.[16]

14        The undeniable fact remains that it is Defendant GM FINANCIAL'S exclusive
15   burden to produce admissible evidence proving that it, as the moving party, is in
16   possession of an enforceable arbitration agreement and that it, as the moving party,
17   has the power to enforce arbitration.  Here, it has not done so.

18        Defendant's pleadings readily acknowledge that the entity with whom Plaintiffs
19   entered into the lease agreement is a separate entity from the Defendant now being
20   sued for its servicing of the finances.  *See*, Dckt. #25, 1/9-13, 2/10-13, where
21   Defendant differentiates between the "Dealer" as being a separate entity from "GM
22   Financial".  Defendant goes on to plead in a wholly conclusory fashion that the
23   "Dealer" assigned the lease agreement to Defendant GM Financial and that GM
24   Financial has the power to enforce (*see*, Dckt. #25, 1/9-13, 2/10-13, 6/11), but has
25   pled such an allegation without providing any evidence of the same.  Nowhere in the
26   cited Declaration of Henry Austin is there any evidence of such an assignment.

27

28   [16] *Britton v. Co-op Banking Group,* 4 F.3d 742, 744 (9th Cir.1993).

OPPOSITION TO MOTION TO COMPEL ARBITRATION

While Mr. Austin asserts this in a conclusory fashion (*see*, Dckt. #26/5), his Declaration is devoid of any evidence to support.  And nowhere in the cited paragraph of Plaintiffs' FAC is there even an allegation of such an assignment, as the cited FAC allegations are simply limited to the fact that Defendant GM agreed to provide the financial backing for Plaintiffs to lease the vehicle.

The manner in which Defendant here has attempted to plead conclusory facts of assignment without supporting evidence is the same that occurred in both *Matute* and *Webb*,[17] which resulted in those courts finding that the employees' declarations claiming to be assignees (but without supporting documentary records) were hearsay and did not satisfy the business record exception, which in turn resulted in the courts denying the motions to compel arbitration for lack of sufficient evidentiary proof.

Also, in *Villacreses v. Molinari*,[18] where the Court of Appeal found that the motion to compel arbitration was properly denied because the moving party relied on an unauthenticated document and failed to meet burden of establishing existence of arbitration agreement.

Finally, in *Britton v. Co-Op Banking Group*,[19] the Ninth Circuit affirmed denial of a motion to compel arbitration finding that the moving party failed to submit any evidence proving it had standing to enforce any arbitration clause as either an agent, successor, or assignee.

The same result must exist in the instant case because Defendant, the moving party, has failed to submit any admissible evidence that it has any power to enforce any term of the purported contract.

---

[17] 2012 WL 4513420 and 2012 WL 2022103, respectively.

[18] (2005) 132 Cal. App. 4th 1223.

[19] *supra*, 4 F. 3d 742.

   *c.* *Defendant cannot submit new evidence on Reply that was not submitted in its initial moving papers.*

   "New evidence or analysis presented for the first time in a reply is improper and will not be considered."[20]  "Courts routinely refuse to consider argument or authorities raised for the first time in a reply brief because the opposing party has no meaningful opportunity to respond."[21]

   Because Plaintiffs are now calling attention to the fact that Defendant failed to submit necessary foundational evidence of any purported assignment of rights, Plaintiffs anticipate Defendant will attempt to introduce such evidence in its Reply. However, any such attempt to submit late evidence will undoubtedly be improper, the Court should not permit any such new evidence to be submitted, and such evidence should be stricken from the record if so introduced.

## II. THE ARBITRATION AGREEMENT IS BOTH PROCEDURALLY AND SUBSTANTIVELY UNCONCSIONABLE.

   Assuming the Court finds that Defendant GM FINANCIAL has standing to seek enforcement, the Court must still deny the Motion because the arbitration policy is invalid as it is permeated with unconscionability. "[A]greements to arbitrate [may] be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'"[22] Unconscionability is a defense to the enforcement of an arbitration agreement. *Id*.

   If there is even one element of unconscionability both procedurally and substantively, then the arbitration agreement cannot be enforced, although they need not be present in the same degree. "[T]he more substantively oppressive the contract

---

[20] *World Lebanese Cultural Union, Inc. v. World Lebanese Cultural Union of New York, Inc.*, 2011 WL 5118525, at *6 (N.D. Cal. Oct. 28, 2011).

[21] *Acasio v. Lucy* (N.D. Cal. April 10, 2017) 2017 WL 1316537, at *10, citing *Citing*, *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n.4 (9th Cir. 2000).

[22] *Baltazar v. Forever 21, Inc.,* 62 Cal. 4th 1237, 1241 (2016).

term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa."[23]

If the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced. Civil Code section 1670.5 follows this basic model by giving the courts the power to deny enforcement of the entire agreement.[24]

### a. *The policy is procedurally unconscionable as a matter of law, as it is a contract of adhesion.*

Procedural unconscionability "focuses on two factors: 'oppression' and 'surprise.' [Citations.] 'Oppression' arises from an inequality of bargaining power which results in no real negotiation and 'an absence of meaningful choice.'"[25]

It is well-established that adhesion contracts are procedurally unconscionable as a matter of law.[26]

Moreover, it is wholly irrelevant whether a consumer has the choice to not proceed with the purchase and look for a transaction elsewhere without an arbitration clause.[27]

---

[23] *Armendariz v. Found. Health Psychcare Services, Inc.* (2000) 24 Cal. 4th 83, 114.

[24] *See*, *Armendariz,* 24 Cal. 4th at 124.

[25] *A & M Produce Co. v. FMC Corp.,* 135 Cal.App.3d 473, 486.

[26] *Armendariz*, *supra*, 24 Cal. 4th at 113.  *See also*, *Ting v. AT&T*, 319 F.3d 1126, 1148 (9th Cir.2003) (applying California law in finding "A contract is procedurally unconscionable if it is a contract of adhesion, *i.e.*, a standardized contract, drafted by the party of superior bargaining strength, that relegates to the subscribing party only the opportunity to adhere to the contract or reject it.");  *Neal v. State Farm Ins. Co.*, 188 Cal. App. 2d 690 (Ct. App. 1961); *Circuit City Stores v. Adams*, 279 F.3d 889, 893 (9th Cir. 2002) (applying California law to find the contract at issue "procedurally unconscionable because it is a contract of adhesion: a standard-form contract, drafted by the party with superior bargaining power, which relegates to the other party the option of either adhering to its terms without modification or rejecting the contract entirely.");  *Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853 (Ct. App. 2001) ("A finding of a contract of adhesion is essentially a finding of procedural unconscionability.").

[27] *See e.g.*, *Szetela v. Discover Bank* (2002) 97 Cal. App. 4th 1094, 1100 [finding that arbitration clause was procedurally unconscionable even though consumer could reject clause and seek goods from another provider who did not require arbitration]; *Ferguson v. Countrywide Credit Indus.* (9th Cir. 2002) 298 F.3d 778, 784 ["[W]hether the plaintiff had an opportunity to decline the

OPPOSITION TO MOTION TO COMPEL ARBITRATION

The only relevant questions are whether the party drafting the agreement has superior bargaining position and thrusts the agreement on the weaker party with the position of having to either adhere to it or reject it in its entirety, with no opportunity to negotiate.[28]  As such, contracts of adhesion contain "procedural unconscionability even without any notable surprises, and 'bear within them the clear danger of oppression and overreaching.'"[29]

If the non-moving party "had no opportunity to negotiate or amend any term of [the arbitration] agreement", then it is inherently oppressive and a contract of adhesion.[30]  Take-it-or-leave-it arbitration clauses are the essence of procedural unconscionability.[31]

Inability to negotiate terms resulting in procedural unconscionability as a matter of law even applies to claims brought by persons as sophisticated as a corporate Vice President[32] and a major corporate executive who was not desperate for employment but was sought out and solicited to change companies.[33]

It is well-settled that procedural unconscionability undeniably exists when the stronger party drafts the contract and presents it to the weaker party on a "take-it-or-

---

defendant's contract and instead to enter into a contract with another party that does not include the offending terms is not the relevant test for procedurally unconscionability."].)

[28] *Graham v. Scissor–Tail,* 28 Cal.3d 807, 817, 171 Cal.Rptr. 604, 623 P.2d 165 (1981).

[29] *Gentry v. Superior Court*, 42 Cal. 4th 443, 469 (2007) (citations omitted).

[30] *Ramos v. Superior Court*, 28 Cal. App. 5th 1042, 1064 (2018).

[31] *Ferguson v. Countrywide Credit Indus.* (9th Cir. 2002) 298 F.3d 778, 783-784; *Reyes v. United Healthcare Services, Inc.*, 2014 WL 3926813 at *3.

[32] *Farrar v. Direct Commerce, Inc.* 9 Cal. App. 5th 1257, 1267 (2017).

[33] *Stirlen v. Supercuts, Inc.,* 51 Cal. App. 4th 1519, 1533-1534 (1997).

leave-it basis."[34]  Further, it is stated that arbitration is a matter of *consent*, not *coercion*.[35]

Here, Plaintiffs did not draft any terms of this "Agreement", were not given any opportunity to negotiate or provide input as to any terms, were not given any opportunity to take it home or to consult with an attorney, and were not given any opportunity to opt out of the arbitration term.  *See*, Decl. of Plaintiffs.  Plaintiffs have no background, training, or experience in the legal system or in ADR procedures, and had no idea what they were actually giving up by signing this "Agreement".  *See*, Decl. of Plaintiffs.  Therefore, this "Agreement" was thrust on the weaker parties as a "take it or leave it in whole" proposition under economic coercion for them to proceed with the transaction.  Furthermore, the fact that Defendant has submitted a blank form in a futile attempt to provide a legible copy (since it is also wholly illegible itself) confirms that Plaintiffs are not the ones who drafted this contract and have provided zero input on any of the boilerplate and prolix terms.

Consequently, this is a clear contract of adhesion that is procedurally unconscionable as a matter of law.

b.  *The arbitration clause is substantively unconscionable.*

Since a contract of adhesion is undeniably procedurally unconscionable, as stated above, then only a slight modicum of substantive unconscionability is required to tip the sliding scale in favor of finding the term here to be unconscionable.

"[T]he paramount consideration in assessing substantive conscionability is mutuality."[36]

---

[34] *Ajamian v. CantorCO2e, L.P.,* 203 Cal.App.4th 771, 796 (2012).

[35] *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236.

[36] *Nyulassy v. Lockheed Martin Corp.,* 120 Cal.App.4th 1267, 1281 (2004).

OPPOSITION TO MOTION TO COMPEL ARBITRATION

When an agreement is overly harsh or one-sided, it is substantively unconscionable as a matter of law.[37]

"[M]ultiple defects indicate a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage.... Because a court is unable to cure this unconscionability through severance or restriction, and is not permitted to cure it through reformation and augmentation, it must void the entire agreement."[38]

The courts have already recognized that arbitration is typically disadvantageous to plaintiffs for a variety of deficiencies that are otherwise not present in civil court actions, including limited discovery and a limited right to appellate review, which supports the argument that arbitration must be presumed to be substantively unconscionable when it is sought to be enforced against weaker, individual plaintiffs.[39]

1. The arbitration agreement is unilateral in its application by GM FINANCIAL.

As previously stated, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit".[40] It is well-settled that unilateral enforcement of arbitration agreements renders them substantively unconscionable. "Without reasonable justification for this lack of mutuality, arbitration appears less as a forum for neutral dispute resolution and more

---

[37] *Armendariz, supra*, 24 Cal.4th at 114.

[38] *Armendariz,* 24 Cal. 4th at 124. *See also, Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1084 (9th Cir. 2007) (overruled on other grounds specifically limited to arbitration of claims for public injunctive relief).

[39] *Sterlin*, 51 Cal. App. 4th at 1537-1540.

[40] *AT&T Technologies, Inc. v. Communications Workers of America* (1986) 475 U.S. 643, 648.

OPPOSITION TO MOTION TO COMPEL ARBITRATION

as a means of maximizing employer advantage. Arbitration was not intended for this purpose."[41]

Here, GM FINANCIAL admits it is not a party to the original contract and is only seek to enforce under a purported assignment of rights.  Therefore, it is clear that Plaintiffs would not be able to assert arbitration against GM FINANCIAL because GM FINANCIAL did not sign the agreement.  As such, GM FINANCIAL'S attempt to enforce this arbitration agreement under a purported assignment of rights undoubtedly means its enforcement is unilateral and, therefore, substantively unconscionable.

2.  <u>The terms are so one-sided that the entire agreement is illusory.</u>

An illusory arbitration agreement is deemed to be substantively unconscionable.[42] If an arbitration clause is one-sided in favor of the party who drafted the clause and now seeks to enforce the clause, then it is substantively unconscionable.[43]

The express terms of the agreement permit the corporation who drafted the agreement to pursue a court action to "recover the vehicle, to recover amounts you owe under this lease, or for individual injunctive relief".  *See*, Dckt. #26, 26-1. Clearly, the customers would never pursue court action to recover the vehicle from the dealer or to recover amounts that the consumers themselves owe, as such actions are limited to circumstances in which the corporation would be seeking remedies for itself.  This means that the only reality in which this arbitration clause would ever be sought to be enforced is if the customers are bringing claims against the corporation.

---

[41] *Armendariz, supra,* 24 Cal.4th at 117-118.

[42] *Reyes, supra,* 2014 WL 3926813 at * 5 ["under California law, such provision is both illusory and unconscionable]; *Serpa v. Cal. Sur. Investigations, Inc.*, 215 Cal.App.4th 695, 708 (2013).

[43] *Trompeter v. Ally Financial, Inc.* (No. Dist. Calif. 2012) 914 F. Supp. 2d 1067.

OPPOSITION TO MOTION TO COMPEL ARBITRATION

Courts have held that the reality that an arbitration agreement is only likely to be enforced by the corporation as to claims brought by an individual plaintiff, and there is no realistic likelihood of any corporation invoking arbitration as preliminary injunctions in court are more efficient than the claimed efficiency of arbitration. This compels the conclusion that arbitration clauses are, in fact, so one-sided as to be inherently substantively unconscionable.[44]

The express terms of the agreement also give unfettered discretion in the corporation to agree to the particular arbitration provider, where it says, "You may choose the American Arbitration Association, (www.adr.org), or any other organization to conduct the arbitration subject to our approval." There is nothing to stop the corporation from using its discretion of "approval" to refuse to agree to AAA? Likewise, there is nothing to stop the corporation from using its discretion to refuse to agree to each and every arbitration provider until it stacks the deck with a defense-minded impartial arbitrator.

3. <u>Defendant's refusal to stipulate on Plaintiffs' terms confirms Defendant's goal is to deprive Plaintiffs of basic discovery.</u>

As indicated in Defendant's Motion, Plaintiffs indicated that it saw issues with Defendant's ability to enforce this clause, but offered to stipulate under the provision that Defendant agree to stipulate to basic discovery. If the matter is kept in court, then Plaintiffs are only capped in their ability to conduct discovery by the Federal Rules and Local Rules of this District. However, Plaintiffs specifically offered to cap their rights to discovery under terms that they believed would be sufficient for Defendant as the offered discovery terms were still less than what would otherwise be available in court proceedings and would still provide Defendant the assurance of efficiency in litigation. The fact that Defendant refused confirms that Defendant's

---

[44] *Sterlin*, 51 Cal. App. 4th at 1540-1541.

OPPOSITION TO MOTION TO COMPEL ARBITRATION

goal with this Motion is to simply limit Plaintiffs' rights to discovery and to deprive them of basic rights they would otherwise be entitled to.

### 4. The unconscionable terms cannot be stricken individually, and the entire agreement must not be enforced.

Just like in *Davis v. O'Melveny & Myers*, the provisions above "cannot be stricken or excised without gutting the agreement"[45], and the entire agreement must therefore be found substantively unconscionable. Since it is a contract of adhesion, and therefore procedurally unconscionable, and since contracts such as this one are inherently substantively unconscionable, then the entire agreement must be unenforceable.

### c. *Defendant cannot raise new arguments in its Reply that the agreement is not unconscionable.*

As stated above, it is wholly improper for a moving party to raise new arguments and assert new authority in its reply brief that were not in its moving papers, since it deprives the non-moving party from an opportunity to evaluate and address them.[46]

Defendant was placed squarely on notice during the meet and confer process that Plaintiffs saw issues with unconscionability. This definitely put Defendant on notice that Plaintiffs would raise these arguments in their Opposition. However, Defendant made a conscious and deliberate decision to not address unconscionability within its moving papers. Therefore, it is clear that Defendant's intent is to "sand-bag" Plaintiffs by letting them address unconscionability in their Opposition so that Defendant can then argue lack of unconscionability for the first time in its Reply. However, such gamesmanship cannot stand, and Defendant cannot be permitted to do

---

[45] 485 F.3d at 1084 (overruled on other grounds specifically limited to arbitration of claims for public injunctive relief).

[46] *World Lebanese Cultural Union, Inc*, 2011 WL 5118525, at *6; *Acasio* 2017 WL 1316537, at *10; *Coleman*, *supra*, 232 F.3d at 1289 n.4.

so.  Any such arguments by Defendant and any such new authority asserted by Defendant within its Reply must be stricken.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs respectfully request that Defendant's Motion to Compel Arbitration be denied in its entirety.

DATED: 6-17-19                                    **SEMNAR & HARTMAN, LLP**

By: *Jared M. Hartman*

Jared M. Hartman, Esq.
Semnar & Hartman, LLP

1

**PROOF OF SERVICE**

2

Meza v. General Motors Financial Company,   **Case No.:** 5:19-cv-00449-JGB-KK
Inc., et al.

3

4

    I am employed in the County of Riverside, State of California.  I am over the age of 18 and am
not a party to the within action; my business address is 41707 Winchester Road, Suite 201, Temecula,
CA 92590.  On the date provided below, I served the foregoing document described below on the
interested parties in this action by the manner indicated below. **PLAINTIFF'S JOINT OPPOSITION
TO MOTION TO COMPEL ARBITRATION** was served on:

5

6

7

| | |
|---|---|
| SCOTT J. HYMAN<br>AN LE<br>SEVERSON & WERSON A Prof. Corporation<br>The Atrium<br>19100 Von Karman Avenue, Suite 700<br>Irvine, California 92612<br>Attorneys for Defendant ACAR LEASING LTD dba<br>GM FINANCIAL (erroneously sued as General<br>Motors Financial Company, Inc. d/b/a GM Financial) | THOMAS P. QUINN, JR.<br>NOKES & QUINN<br>410 Broadway, Suite 200<br>Laguna Beach, CA 92651<br>Attorney for Defendant,<br>Equifax Information Services LLC |
| | |

8

9

10

11

12

13

14

☐   **(BY MAIL)** – I caused such envelope(s) with postage thereon fully prepaid to be placed in the
United States mail in Temecula, California.

15

I am "readily familiar" with the firm's practice of collection and processing correspondence for
mailing.  Under that practice, it would be deposited with the U.S. Postal Service on the same
day with postage thereon fully prepaid at Temecula, California, in the ordinary course of
business.  I am fully aware that on motion of the party served, service is presumed invalid if the
postal cancellation date or postage meter date is more than one day after the date of deposit for
mailing an affidavit.

16

17

18

☐   **(BY FACSIMILE)** – I caused the above described document(s) to be transmitted to the offices
of the interested parties at the facsimile number(s) indicated above and the activity report(s)
generated by facsimile number (888) 819-8230 indicating on all pages that they were
transmitted.

19

20

21

☐   **(BY PERSONAL SERVICE)** – I caused such envelope(s) to be delivered by hand to the
office(s) of the addressee(s).

22

☒   **(FEDERAL)** – I declare that I am employed in the office of a member of the bar of this court
at whose direction the service was made.  **Via Electronic Service:** If the above-described
documents are a pleading filed with the Court, then such documents will be delivered
electronically through the court's ECF/PACER electronic filing system, as stipulated by all
parties to constitute personal service.  Otherwise, said documents will be delivered via the
method checked above.

23

24

25

Dated: 6-17-19                          */s/ Jared M. Hartman*
                                   Jared M. Hartman, Esq.

26

27

28

1

**PROOF OF SERVICE**